Felix J. Aulisi, J.
The petitioner, Leo E. Sweeney, seeks an order allowing him certain pass time and vacation credits which he alleges have accrued to him in connection with his employment as an attendant at the Dannemora State Hospital. This motion is the result of a prior proceeding brought before me by the petitioner under article 78 of the Civil Practice Act seeking reinstatement to his position as an attendant at the said hospital. The petitioner was successful in the above proceeding and an order of reinstatement was duly made, which, in addition to directing the payment of more than three years’ wages withheld during his suspension, also provided that he be reinstated “ with all privileges and seniority rights which he would have if he had continued in his said employment ’ ’.
The petitioner has been reinstated to his position as an attendant and has been paid the amount of his accrued wages less the amount earned by him in other employment during the period in which he was suspended. He now contends that having been prevented by the State from working during the period of suspension, he should be compensated for pass time and vacation time which have accrued to him either in money or time off, if he is to be reinstated “with all the privileges and seniority rights which he would have if he continued in his said employment ’ ’.
The court fails to find any decisional or statutory law upholding petitioner’s contention and I am of the opinion that he *931 should not prevail for the reason that he was not physically present on the job. Section 23 of the Civil Service Law has expressly given the petitioner the right to receive his wages for the period of his illegal suspension. There is no provision, however, in said section allowing petitioner compensation for vacation or pass time that allegedly accrued to bim.
Subdivision 2 of section 41-a of the Civil Service Law states that any employee ' ‘ whose hours of labor are limited to forty-two hours per week, or six days per week * * * and who is not allowed time off * * * during any fiscal year * * * for any holiday, pass day or vacation period which he was eligible to receive by law * * * shall * * * be entitled to compensation therefor at the hourly rate of pay received by such employee, or shall be allowed an equivalent amount of time off in lieu of such compensation ’ ’.
In subdivision 3 of said section 41-a, overtime compensation is defined. Nowhere does it provide that it shall be deemed compensation, salary or wage for the purpose of compensating an employee who has been reinstated after being illegally suspended.
Section 10 of the Civil Service Law as amended by chapter 514 of the Laws of 1957 states in effect that the “ rules may provide for cash payment of the monetary value of accumulated and unused vacation or time allowances granted in lieu of overtime compensation standing to the credit of an employee at the time of his separation from the service, and for the payment of the monetary value of accumulated and unused time allowances granted in lieu of overtime compensation standing to the credit of an employee at the time of his appointment, promotion or transfer from the department or agency in which such time allowances were earned to another department or agency
I am satisfied by the language in section 41-a and the amendment to section 10 that an employee must actually work in excess of the 42 hours per week or six days per week before he may be entitled to any overtime compensation and must be actively and physically engaged in his employment at the time of his separation or appointment, promotion or transfer to another department or agency before he may be allowed credit toward his unused vacation or pass time allowances.
Subdivision 4 of rule I of the Attendance Rules for Employees in New York State Departments and Institutions states that, “Hours worked in excess of the basic work week shall constitute overtime, for which eligible employees shall be entitled to overtime compensation
*932 This indicates to the court that an " eligible employee” is one who has physically worked the hours in excess of the basic work week.
I am, therefore, constrained to hold and do decide, in light of the conspicuous absence in the various sections cited above of any provision to the effect that an employee who is illegally suspended from his position shall be entitled to vacation and pass time allowances accrued to him upon his reinstatement, that the Legislature never intended to compensate such employee for vacation and pass time allowances and that the petitioner is not entitled to the same.
The motion is denied, without costs, and an order may be submitted accordingly.